UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-6635-MWF-AGR                     Date:  November 30, 2015
Title:    Edward Vaca  v. The Vons Companies, Inc., et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER GRANTING MOTION FOR REMAND [9]

    Before the Court is Plaintiff Edward Vaca's Motion for an Order to Remand this Case to State Court (the "Motion"), filed on September 18, 2015.  (Docket No. 9).  Defendant The Vons Companies, Inc. ("Vons") submitted an Opposition to the Motion on November 2, 2015.  (Docket No. 19).  Plaintiff did not file a Reply.  The Court has read and considered the papers on the Motion and held a hearing on **November 23, 2015**.

    The Motion is **GRANTED**.  Defendant Vons properly removed this action on the ground that Plaintiff's claims for breach of contract are completely preempted by federal law.  In light of Plaintiff's voluntary dismissal of the preempted claims, however, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  A remand is therefore appropriate in this early stage of litigation.

## Background

    Plaintiff initiated this action in the Los Angeles County Superior Court, asserting claims based on California law.  (Notice of Removal, Ex. 1 ("Complaint") (Docket No. 1)).  The Complaint's detailed allegations may be summarized as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-15-6635-MWF-AGR            Date: November 30, 2015
Title:     Edward Vaca *v*. The Vons Companies, Inc., et al.

      Defendants hired Plaintiff as an order selector (also referred to as "jack man") in March 2005. (Complaint ¶ 8). In November 2013, Plaintiff sustained injuries to his neck and shoulder after being asked to operate a forklift without any training. (*Id.* ¶ 11). Those injuries, combined with Plaintiff's chronic migraines, necessitated taking intermittent leave under the Family and Medical Leave Act ("FMLA"). (*Id.*). After Plaintiff informed his supervisor, Defendant Ramirez, of his intention to take FMLA leave, Defendant Ramirez became angry and began calling Plaintiff derogatory names. (*Id.*). Plaintiff complained about such insults to the human resources department—but to no avail. (*Id.*).

      The demeaning comments and humiliations continued for the next several months. (*Id.*). On February 21, 2014, for example, Plaintiff attended a staff meeting where he made suggestions regarding an upcoming shift. (*Id.*). Plaintiff's manager, Defendant Polanco, replied, "You should not say anything. You are never here because of your messed up health, so what do you care?" (*Id.*). Plaintiff felt humiliated and upset that his maladies were discussed in front of his peers. (*Id.*).

      On November 26, 2014, Plaintiff's employment was suddenly terminated because Plaintiff was "not following company procedures." (*Id.* ¶ 12). In Plaintiff's view, the cited reason was a pretext, and his actual or perceived injuries served as the "motivating factors" in Defendants' termination decision. (*Id.* ¶ 19). Plaintiff therefore requests various economic and non-economic damages as well as attorneys' fees incurred in this action. (*Id.*, Prayer at 20).

      The Complaint states a total of ten Claims for Relief: (1) discrimination on the basis of disability in violation of Fair Employment and Housing Act ("FEHA"); (2) harassment on the basis of disability in violation of FEHA; (3) retaliation for complaining of discrimination and/or harassment in violation of FEHA; (4) discrimination on the basis of taking FMLA leave in violation of FEHA; (5) harassment on the basis of taking FMLA leave in violation of FEHA; (6) retaliation for taking FMLA leave in violation of FEHA; (7) breach of express oral contract not to terminate employment without good cause; (8) breach of implied-in-fact-contract not to terminate employment without good cause; (9)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-15-6635-MWF-AGR          Date: November 30, 2015
Title:     Edward Vaca *v*. The Vons Companies, Inc., et al.

negligent hiring, supervision, and retention; and (10) wrongful termination of employment in violation of public policy. Most pertinent here are Plaintiff's claims for breach of contract, which include allegations that Defendants terminated Plaintiff without good cause in violation of an employment agreement between the parties. (*Id.* ¶¶ 59, 64).

On August 28, 2015, Defendant Vons removed the action to this Court on the ground that Plaintiff's breach of contract claims were preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C § 185(a). (Notice of Removal at 3). As the Notice of Removal explains, Plaintiff was covered by collective bargaining agreements between Defendant Vons and Teamsters Local Union No. 630 at all times during his employment. (*Id.* at 3-4). And because breaches of collective bargaining agreements are governed exclusively by federal law, the Court has federal question jurisdiction over this action. (*Id.* at 3). Plaintiff now seeks an Order remanding the action back to the Superior Court because "federal question jurisdiction indisputably does not exist." (Motion at 1).

## Discussion

Federal question jurisdiction under 28 U.S.C. § 1331 is governed by the "well-pleaded complaint" rule. As the Supreme Court explained, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In other words, a plaintiff is entitled to avoid federal jurisdiction by asserting causes of action premised only on state law. *See ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000) ("As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims."); *Ginsberg v. Paramount Commc'ns Corp.*, 52 F.3d 333 (9th Cir. 1995) ("Although [Plaintiff's] complaint alleged facts that could have formed the basis of a [federal law claim], she chose not to pursue that particular claim in her state court action."). And even where a complaint repeatedly refers to federal law, it does not state a federal question if the plaintiff invokes independent state law grounds for relief. *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-6635-MWF-AGR                            Date:  November 30, 2015
Title:      Edward Vaca  *v*. The Vons Companies, Inc., et al.

*ARCO*, 213 F.3d at 1113; *Elliot v. LTD Direct Marketing, Inc.*, 1 F. Supp. 2d 1031, 1033 (D. Ariz. 1997) ("Direct or indirect references to Title VII in state causes of action do not transform those claims into federal causes of action.").

One exception to the well-pleaded complaint rule is the "artful pleading doctrine." The doctrine serves to protect access to a federal forum where a plaintiff seeks to "avoid federal jurisdiction by omitting from the complaint federal law essential to his or her claim or by casting in state law terms a claim that can be made only under federal law." *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). The removing court may therefore "look at the true nature of the plaintiff's complaint when the plaintiff has attempted to avoid a federal cause of action . . . ." *Garibaldi v. Lucky Food Stores, Inc.,* 726 F.2d 1367, 1370 (9th Cir. 1984). The artful pleading doctrine is especially pertinent in areas of complete federal preemption. *See Busey v. P.W. Supermarkets, Inc.*, 368 F. Supp. 2d 1045, 1054 (N.D. Cal. 2005) ("By careful pleading, a plaintiff cannot avoid federal preemption."). "When federal law provides both a superseding remedy replacing the state cause of action and preempts that state law cause of action," removal is proper. *Caterpillar*, 482 U.S. at 391 n. 4 (internal quotation marks and citations omitted).

"Controversies involving collective-bargaining agreements constitute one such area [of complete preemption]." *Galvez v. Kuhn*, 933 F.2d 773, 776 (9th Cir. 1991). Under section 301 of the LMRA, "suits for violation of contracts between an employer and a labor organization representing employees in an industry . . . may be brought in a district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). "'[The] preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization.'" *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983)). As long as the state law claim is either (1) based directly on rights created by a collective bargaining agreement or (2) substantially dependent on analysis of a collective bargaining agreement, it is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-15-6635-MWF-AGR | Date: November 30, 2015 |
| Title: Edward Vaca *v*. The Vons Companies, Inc., et al. | |

"considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* (quotation marks and citations omitted).

Here, Plaintiff's breach of contract claims are based exclusively on the rights conferred by the three collective bargaining agreements that cover Plaintiff's employment from March 2005 to November 2014. (Declaration of A. Douglas Ruygrok ("Ruygrok Decl.") ¶¶ 2-4 (Docket. No. 20)). All three agreements contain the following provision:

> The Employer shall have the right to discharge any employee for good cause, such as dishonesty, incompetency, drinking while on duty, intoxication and failure to perform work as normally required.

(*Id.*, Exhibits A-C). Because the right Plaintiff asserts in his state law claims for breach of contract is the right to be terminated only for good cause (Complaint ¶¶ 59, 64), his claims are completely preempted by section 301 and are deemed to arise under federal law.

The Ninth Circuit reached the same conclusion on materially identical facts. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993 (9th Cir. 1987). The plaintiff in *Young* sued her employer in state court after termination, alleging a breach of an oral employment contract that permitted discharge only for "just cause." *Id.* at 996. As is the case here, the complaint did not mention that the plaintiff was covered by a collective bargaining agreement, which permitted termination at the employer's sole discretion under certain circumstances. *Id.* The defendant removed the action to federal court claiming that section 301 completely preempted the state law claim for breach of contract. *Id.* The district court denied plaintiff's motion to remand, and the Ninth Circuit affirmed. *Id.*

The panel first determined that the district court "properly looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction." *Id.* at 997. The Ninth Circuit then rejected the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-6635-MWF-AGR                                  Date:  November 30, 2015
Title:        Edward Vaca  v. The Vons Companies, Inc., et al.

plaintiff's contention that her individual labor contract was independent of the collective bargaining agreement.  *Id.*  Emphasizing that "any independent agreement of employment concerning [the plaintiff's job position] could be effective only as part of the collective bargaining agreement," the panel held that the breach of contract claim was completely preempted.  *Id.* at 997-98; *see also Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286 (9th Cir. 1989) ("[Because the plaintiff's] independent contract claim [regarding termination for good cause] concerns a job position governed by the collective bargaining agreement, it is completely preempted by section 301.");  *Reagans v. AlliedBarton Sec. Servs., LLC*, No. 12-CV-2190 YGR, 2012 WL 2976766, at *4 (N.D. Cal. July 19, 2012) (holding that a state law breach of contract claim is completely preempted because "the collective bargaining agreement encompass[es] the same rights and protections as are alleged to arise from the implied covenant").

Plaintiff's arguments against preemption are not only unavailing but border on frivolous.  Plaintiff first claims that he was not subject to a collective bargaining agreement at the time he began his employment in March 2005.  (Opposition at 8).  But the three successive collective bargaining agreements presented in the Opposition papers clearly cover Plaintiff's entire period of employment, including March 2005.  (Ruygrok Decl., Exhibits A-C).  Nowhere does Plaintiff argue that these documents are not true and correct copies of the relevant agreements.  The Court is therefore convinced that Plaintiff's job was subject to a collective bargaining agreement at all times during his employment.

Plaintiff also points out that he does not name the Union as a defendant in this action and that the Complaint does not refer to the terms of the collective bargaining agreement.  (Opposition at 8-9).  Such facts are irrelevant to the preemption analysis, as made clear in *Young* and a myriad of other cases cited in the Opposition.  Indeed, an "artful pleading" is "artful" precisely because it does not refer to federal law or federal claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-6635-MWF-AGR                    Date:  November 30, 2015
Title:       Edward Vaca  v. The Vons Companies, Inc., et al.

Plaintiff's Seventh and Eighth Claims for Relief are therefore completely preempted by section 301.  Accordingly, the Court has federal question jurisdiction over this action.

**Dismissal of Federal Claims and Court's Supplemental Jurisdiction**

In the alternative, Plaintiff requests the Court to dismiss his preempted claims and remand the action to the Superior Court.  (Opposition at 10).  While Plaintiff seems to assume that a remand is required upon dismissal of federal claims, the Court has discretion to retain supplemental jurisdiction over state law claims.  28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc*., 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

Although Defendant Vons urges the Court to retain jurisdiction after dismissal of Plaintiff's federal claims, the Court declines to do so.  The Ninth Circuit has emphasized that "[i]n the usual case in which federal law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state law claims." *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").  Here, not only is the Complaint grounded in state law, the litigation has not advanced past the pleading stage.  Indeed, besides this Motion and the Joint Report under Rule 26(f), nothing substantive has been filed in this Court.  A remand after dismissal of Plaintiff's Seventh and Eighth Claims for Relief is therefore proper.  *See Tyler-Mallery v. GMAC Mortgage, LLC,* No. 09CV2917 JAH JMA, 2010 WL 3463589, at *1 (S.D. Cal. Aug. 31, 2010) (granting plaintiffs' request to dismiss federal claims and remanding the action to state court); *Iniguez v. Vantium Capital, Inc.*, No. C 13-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-6635-MWF-AGR                              Date:  November 30, 2015
Title:    Edward Vaca  v. The Vons Companies, Inc., et al.

00037 WHA, 2013 WL 1320741, at *1 (N.D. Cal. Apr. 1, 2013) (granting motion to remand after plaintiff limited his claims for relief to those arising under state law).

At the hearing, Defendant Vons argued that the preempted claims should be dismissed with prejudice.  But the Court is not persuaded that such a measure is warranted at this juncture.  If Plaintiff later decides to amend the Complaint to add a claim for breach of the collective bargaining agreement, nothing would prevent Defendants from once again removing the action to federal court.  The Court does not perceive a threat of gamesmanship in such a scenario, as Plaintiff would gain nothing from such a stratagem.

**Plaintiff's Request for Attorneys' Fees**

Plaintiff requests attorneys' fees in the sum of $4,000 because "[i]t is clear that defendant's removal of this case to federal court is a classic example of forum shopping, without support in law or fact." (Opposition at 11).  As already explained, Defendant Vons's removal was proper under well-established law in this circuit, and it is Plaintiff's position that has little "support in law or fact."  *See Martinez*, 2015 WL 4337059 at *10 ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

Accordingly, the Court declines to award attorneys' fees.

**Conclusion**

For the foregoing reasons, the Motion is **GRANTED**.  Plaintiff's Seventh and Eighth Claims for Relief are **DISMISSED** *without prejudice*.  Accordingly, the Court **REMANDS** the action to the Superior Court of the State of California for the County of Los Angeles (Case No. BC589377).

IT IS SO ORDERED.